UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

AKMAL NARZIKULOV, et. al.,

        Defendants.
-----------------------------------------------------------x

MEMORANDUM AND ORDER

19-CR-223

GLASSER, Senior United States District Judge:

On November 5, 2019, the grand jury returned a superseding indictment containing two new charges: conspiracy to produce false identification documents ("Count One") and unlawful possession of a firearm by a previously convicted felon ("Count Six"). Count One names the three original defendants and a newly joined fourth defendant, Jasur Kamolov. Count Six names only Akmal Narzikulov, who is currently in pre-trial detention.[1] (ECF No. 48).

Narzikulov moved under Fed. R. Crim. P. 14(a) to: (i) sever Kamolov from the trial;[2] and (ii) sever Count Six, or else bifurcate the trial so that evidence would be presented on Count Six only after the jury reached a verdict on the first five counts. (ECF No. 56). For the reasons stated below, the motion to sever Kamolov is **DENIED** and the motion to sever Count Six is **GRANTED**.

## LEGAL STANDARD

"If the joinder of offenses or defendants . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The district court retains wide

---

[1] In addition to these new counts, the superseding indictment includes the same four charges against the same three defendants described in the original indictment. (ECF No. 48).

[2] Defendant Kamolov is not named in any other counts besides Count One. (*Id.*)

1

discretion in deciding a Rule 14 severance motion. *Zafiro v. United States*, 506 U.S. 534, 541 (1993). However, the burden to show prejudice is typically a heavy one. The Defendant must convince the court that "the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998); *United States v. Page,* 657 F.3d 126, 129 (2d Cir. 2011).

**DISCUSSION**

I. **Severance of Defendant Kamolov**

Narzikulov, who is currently in pre-trial detention, argues that the recent joinder of a new defendant will prejudice his speedy trial rights. (Def's Mem. 3-4). This argument has no basis in law. Furthermore, there is an overwhelming judicial economy interest in conducting a joint trial. The court therefore denies the motion to sever Kamolov.

Narzikulov's speedy trial rights have not been violated. The Speedy Trial Act specifically excludes time for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). The calculation of the speedy trial deadline is determined by the most recently added defendant. *United States v. Piteo*, 736 F.2d 50, 52 (2d Cir. 1984). "This rule promotes judicial efficiency by allowing the prosecution flexibility in the combining of criminal trials." *United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995). Accordingly, the "reasonableness requirement" of § 3161(h)(6) "must be assessed in light of the strong presumption in favor of joint trials." *Id.* at 52.

The exclusion of speedy trial time here is reasonable. Kamolov was arraigned less than thirty days before the scheduled trial date. (ECF No. 52). The government contends that its ability to prove Count One depends on the "voluminous" electronic communications evidence seized

during its search of Narzikulov's apartment. (Gov't Mem. 8-9). Nearly all of those communications are in languages other than English, and so Kamolov will require time to verify the government's translations. (*Id.*)

One can conceive of a case where the government repeatedly adds new defendants, resetting the speedy trial clock *ad infinitum*. Such behavior might push the limits of the Speedy Trial Act's reasonableness requirement. But that is not this case.

The Court is mindful of Narzikulov's pre-trial incarceration. But that interest must give way to considerations of judicial economy.[3] There is a "preference in the federal system for joint trials of defendants who are indicted together." *Zafiro* 506 U.S. at 537; *United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir.1996). Such preference is "particularly strong where . . . the defendants are alleged to have participated in a common plan or scheme." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998). Narzikulov and Kamolov are alleged co-conspirators in the same criminal enterprise involving commercial driver's licenses. Severing Kamolov would require two trials at which substantially the same evidence would be introduced. The court should sever a defendant only where there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. No such risk exists here.

---

[3] Absent a speedy trial violation, pre-trial detention alone does not justify severance. Courts across this Circuit have routinely held that pre-trial incarceration is not sufficient to outweigh the judicial economy interest in avoiding multiple lengthy trials. *See, e.g., United States v. Astra Motor Cars*, 352 F. Supp. 2d 367, 370 (E.D.N.Y. 2005) ("Defendant has not demonstrated any reason as to why he is prejudiced by a joint trial, except to remind this Court that he is incarcerated awaiting trial. As incarceration alone is not a factor addressed by either Rule 8 or 14, this argument has no merit."); *United States v. Lockwood*, No. 11-CR-085, 2012 WL 6204194, at *4 (W.D.N.Y. Dec. 12, 2012) (noting that "incarceration alone will not support a claim of prejudice sufficient to warrant severing him from the other defendants").

## II. Severance of Count Six

Count Six charges Narzikulov with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The jury's knowledge of Narzikulov's prior conviction would unduly influence its deliberation on the other counts. Such prejudice outweighs minor judicial efficiencies that would be achieved by trying Count Six with the other offenses.

The government argues that the Court could neutralize any prejudice by providing limiting instructions to the jury. (Gov't Mem. 5, 11). *See Zafiro*, 506 U.S. at 539. However, limiting instructions are not an appropriate alternative to severance of a § 922(g)(1) felon-in-possession charge. *United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994). "To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities." *Jones*, 16 F.3d at 493 (citation and internal quotation marks omitted). *Cf. Nash v. United States,* 54 F.2d 1006, 1007 (2d Cir. 1932) (Hand, L., J.) (criticizing a "recommendation to the jury of a mental gymnastic which is beyond, not only their powers, but anybody's else"). "[I]t would be quixotic to expect the jurors to perform such mental acrobatics," and so the "presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the court's instructions." *Jones*, 16 F.3d at 493. Ironically, limiting instructions may only serve to further bias the jury. *See, e.g.*, *Id.* at 493 (noting how, "[i]n the course of giving [the] limiting instruction, the judge reminded the jurors repeatedly that [the defendant] was a convicted felon").

*United States v. Page* carved out a narrow exception to *Jones*, which the government says applies here. 657 F.3d at 132. In *Page*, law enforcement had seized a firearm and 77 bags of heroin from the defendant's bedroom. *Id.* at 127-28. The defendant, an ex-felon, moved to sever his §

4

922(g)(1) felon-in-possession charge from various narcotics counts. *Id.* at 128. The district court denied the motion, instead opting in favor of a limiting instruction. *Id.* The Second Circuit held this was not an abuse of discretion:

> Where there is a logical connection between the felon-in-possession count and the other charges, there is a similarity in the evidence necessary to prove the different charges, the trial court takes steps to limit the danger of prejudice and gives a proper limiting instruction, and the defendant is not substantially or unfairly prejudiced, a district court may exercise its sound discretion in denying a motion to sever a felon-in-possession count from other charges for trial.

*Id.* at 132.

The critical feature distinguishing *Paige* from the instant case is the "logical connection" between the felon-in-possession count and the other charges in the indictment. Guns are essential tools of the drug trade. That is why the Second Circuit has "repeatedly approved the admission of firearms as evidence of narcotics conspiracies . . . ." *United States v. Becerra*, 97 F.3d 669, 671–72 (2d Cir. 1996); *United States v. Vegas,* 27 F.3d 773, 778 (2d Cir.), *cert. denied,* 513 U.S. 911 (1994). Central to the court's reasoning in *Page* were the "innumerable precedents" supporting this close relationship between guns and drugs. *Page*, 657 F.3d at 130 (quoting *United States v. Muniz*, 60 F.3d 65, 71 (2d Cir.1995)). In contrast, the felon-in-possession charge against Narzikulov is not sufficiently related to the other counts he is charged with: (i) conspiracy to produce false identification documents; (ii) conspiracy to commit kidnapping; (iii) kidnapping; (iv) conspiracy to commit Hobbs Act extortion; and (v) Hobbs Act extortion. (ECF No. 48).

Furthermore, the *Page* Court merely held that denying severance on that basis was not an *abuse* of discretion. *Page*, 657 F.3d at 132 ("We reject Page's contention that a felon-in-possession charge must *always* be severed from other charges. *Jones* does not stand for that proposition."). The district court in that case would have been well within its rights to sever the felon-in-

possession charge. The Court exercises such discretion here, finding that Count Six would severely prejudice the defendant if left joined with the other charges.[4]

Such prejudice outweighs any benefits from trying Count Six with the other five charges. The chief concern in weighing the prejudice of joinder against its benefits is "the wise conservation of judicial resources." *United States v. Desantis*, 802 F. Supp. 794, 802 (E.D.N.Y. 1992). This Court's resources will not be "unduly strained" by a severance of Count Six, which could surely be tried within a matter of days. *Id.* at 802–03. A felon-in-possession possession charge "requires little more than proof of possession and the existence of the prior record." *United States v. Silva*, 745 F.2d 840, 844 (4th Cir.1984), *cert. denied,* 470 U.S. 1031 (1985). Moreover, Narzikulov is the only defendant charged in Count Six. (ECF No. 48). Trying that charge separately will not strain the resources of this Court.

## CONCLUSION

Accordingly, Narzikulov's motion to sever co-defendant Kamolov is **DENIED**. His motion to sever Count Six is **GRANTED**.

SO ORDERED.

Dated: Brooklyn, New York
December 9, 2019

/s/
I. Leo Glasser                    U.S.D.J.

---

[4] In making this determination, the Court observes that Count Six was brought more than six months after the gun had been found. "The government's indictment tactics belie its present claim that the felon in possession count was not unfairly prejudicial. . . . No new facts supported the belated addition of the charge." *Jones*, 16 F.3d at 492.