UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA


-    against –                                        Dkt. 19-CR-223 (S-2) (ILG)


AKMAL NARZIKULOV, et. al.,

                        Defendants.

-------------------------------------------------------x


DEFENDANT AKMAL NAZIKULOV'S OPPOSITION
TO GOVERNMENT'S MOTION TO ADMIT CERTAIN EVIDENCE
OF PRIOR BAD ACTS AND IN OPPOSITION TO RECONSIDER SEVERANCE



                                    PETER J. GUADAGNINO, ESQ.
                                    ILEANA J. MONTES, ESQ.
                                    Attorneys for Defendant
                                    30 Wall Street
                                    8th Floor
                                    New York, NY 10005
                                    (212) 709-8099


Mark J. Lesko
        Acting Unites States Attorney
Virgina Nguyen
        Special Assistant U.S. Attorney
F. Turner Buford
        Assistant U.S. Attorney
        (Of Counsel)

# TABLE OF CONTENTS

*I.     PRELIMINARY STATEMENT* ...................................................................... *4*

*II.     THE REQUEST FOR PERMISSION TO INTRODUCE THE "PRIOR SCHEME" IS UNWARRANTED, AND IS LIKELY TO RESULT IN SUBSTANCIAL PREJUDICE TO DEFENDANT* ................................................................................................ *4*

*A.     EVIDENCE OF DEFENTANT'S PRIOR GUILTY PLEA SHOULD BE EXCLUDED 5*

*1.     THE GUILTY PLEA IS IRRELEVANT AND SO INADMISSIBLE UNDER RULE 404(B)* ............................................................................................................. *5*

*2.     THE PALPABLE PREJUDICE FROM INTRODUCING A PRIOR CONVICTION FAR OUTWEIGHS ANY PROBATIVE VALUE IT MIGHT HAVE IN THIS CASE* ...................... *7*

*III.     THE COURT SHOULD REAFFIRM ITS DECISION TO SEVER THE TRIAL OF COUNT SIX OF THE SUPERSEEDING INDICTMENT, CHARGING DEFENDANT WITH BEING A FELON-IN-POSSESSION OF A FIREARM* ............................................ *8*

*A.     THE PREJUDICE TO DEFENDANT FROM JOINDER IS SUFFICIENTLY SEVERE TO OUTWEIGH THE JUDICIAL ECONOMY THAT WOULD BE REALIZED BY AVOIDING MULTIPLE LENGTHY TRIALS.* ................................................................. *10*

*1.     THE JURY'S KNOWLEDGE OF DEFENDANT'S PRIOR CONVICTION WOULD UNDULY INFLUENCE ITS DELIBERATION ON THE OTHER COUNTS.* ................... *13*

*2.     THE PREJUDICE OUTWEIGHS MINOR JUDICIAL EFFICIENCIES THAT WOULD BE ACHIEVED BY TRYING COUNT SIX WITH OTHER OFFENSES.* .......... *13*

*IV.     CONCLUSION* ...................................................................................... *14*

# TABLE OF AUTHORITIES

## Rules

Fed. R. Evid. 403 ............................................................................................... 8
Rule 403 of the Federal Rules of Evidence ....................................................... 8
Rule 404(b), ....................................................................................................... 6

## Cases

*Michelson v. United States*, 335 U.S. 469, 475-476, 69 S. Ct. 213, (1948) ................................... 8
*U.S. v. Benedetto*, 571 F.2d 1246, 1248-49 (2d Cir. 1978 ......................................................... 7
*U.S. v. Colon*, 880 F. 2d 650, 60-62 (2d. Cir. 1989), ................................................................. 7
*U.S. v. Figueroa*, 618 F. 2d 93, 943 (2d Cir. 1980) ................................................................... 8
*U.S. v. Garcia*, 291 F.3d 127, 136 (2nd Cir. 2002) ................................................................... 7
*U.S. v Manafzadeh*, 592 F.2d 81 (2d Cir. 1978) ...................................................................... 8
*U.S. v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009) ............................................................... 6
*U.S. v. Morris*, S4 11 CR 912, 2014 WL 1041309, at * (S.D.N.Y. Mar. 18, 2014), ................... 14
*U.S. v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990). .................................................................. 7
*U.S. v. Sampson*, 980 F.2d 883, 886 (3rd Cir. 1992) ................................................................. 8
*U.S. v. Scott,* 677 F.3d 72, 79 (2d Cir. 2012 ............................................................................. 7
*U.S. v. Townsend*, No. S106CR34, 2007 WL 1288597, at *5 (S.D.N.Y. May 1, 2007 ................ 7
*United States v. Becerra*, 97 F.3d 669, 671-72 (2nd Cir. 1996 .................................................. 13
*United Stats v. Belk*, 346 F.3d 305 (2d Cir. 2003). .................................................................... 14
*United States v. Daniels,* 770 F.2d 1111, 1118 (D.C. Cir. 1985) .............................................. 12
*United States v. Desantis*, 802 F. Supp. 794, 802 (E.D.N.Y. 1992). ........................................ 14
*United States v. Jones,* 16 F.3d  487 (2d Cir. 1994) ................................................................. 12
*United States v. Page,* 657 F. 3d 126, 132 (2d Cir. 2011). ................................................. 3, 12
*United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985).... 14
*United States v. Vegas*, 27 F.3d 773, 778 (2d Cir.), cert. denied, 513 U.S. 911 (1994) .............. 13

## I.    PRELIMINARY STATEMENT

This Memorandum is submitted in opposition to the government's motion to admit certain evidence of prior bad acts and for the Court to reconsider its December 9, 2019 order severing the charge of unlawful possession of a firearm by a previously convicted felon.

The government seeks an advance ruling that the prior "bad act evidence" can be introduced as part of its case-in-chief. (Govt's Mem. Point II B pp. 5 "the prior scheme") The government has failed to meet the Second Circuit's standards for the admission of the proffered evidence, particularly with regard to balancing the severe prejudicial effect against the minimal legal relevance. If the government we to be permitted to proceed as it requests, it would be virtually impossible for the defendant to obtain a fair trial. The jury would convict him based on a perceived propensity to commit the charged crimes, rather than based on the actual evidence of this case.

The government further asks the Court to reconsider its Order granting the defendant's motion to sever Count Six of the superseding indictment filed on November 5, 2019, which charges the defendant with possession of a firearm after having previously been convicted of a felony. The government makes this request, at this late stage, allegedly based on evidence that was not known to the government when the Court severed Count Six. Even if such alleged evidence was unknown to the government as of the day of the Order to sever, the government has also failed to meet the standard that the benefits from trying Count Six with the other five charges outweighs the prejudice of joinder.

## II.    THE REQUEST FOR PERMISSION TO INTRODUCE THE "PRIOR SCHEME" IS UNWARRANTED, AND IS LIKELY TO RESULT IN SUBSTANCIAL PREJUDICE TO DEFENDANT

As the government's own memorandum states, the indictment contains detailed factual allegations describing alleged schemes to defraud. (Govt's Mem. p. 2) The schemes are defined with some precision: (1) "assisting applicants for CDLs in cheating on tests administered by the DMC in exchange for cash; (2) using wireless communication devices, hidden within the clothing worn by the fraudulent applicants, to communicate correct answers to the applicants as they took the written tests at the DMV locations; (3) the alleged kidnapping of a co-conspirator, after the co-conspirator stopped participating in the 2018 scheme, with the purpose to collect a debt owed to defendant for having unexpectedly exited the 2018 scheme.

The government now seeks permission to introduce, as part of its case-in-chief, "bad act" evidence that is well outside the confines of the indictment, and unnecessary to the trial.

### A. EVIDENCE OF DEFENTANT'S PRIOR GUILTY PLEA SHOULD BE EXCLUDED

### 1. THE GUILTY PLEA IS IRRELEVANT AND SO INADMISSIBLE UNDER RULE 404(B)

On February 2, 2015, defendant pleaded guilty to honest services fraud conspiracy involving taking money from people in connection with applications for CDLs. The government wishes to use defendant's allocution and plea, pursuant to Rule 404(b), primarily to show that defendant acted with "fraudulent intent" in the present case. (Govt's Mem. pp. 6-7).

The *sine qua non* of Rule 404(b) is that the proposed evidence must not lead the jury to convict based on a defendant's propensity to commit the charged crime. To void that risk, the government bears the burden of demonstrating the admissibility of such evidence. *U.S. v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984)* (government must "explain in detail the purposes for which the evidence is sought to be admitted," in order to ensure that the jury will not use the evidence to draw the forbidden inference of criminal propensity). The government "must clearly articulate

how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the charged crime." _U.S. v. Himmelwright_, 42 F.3d 777, 782 (3d Cir. 1994). This is particularly true when introducing a prior conviction, which is highly likely to be treated as propensity evidence by a jury. See e.g., _U.S. v. McCallum_, 584 F.3d 471, 477 (2d Cir. 2009) ("prior convictions are far more likely to be received as potent evidence of propensity than other prior bad acts routinely offered under Rule 404(b) because they bear the imprimatur of the judicial system and indicia of official reliability").

The only purpose articulated by the government for the introduction of the prior conviction is to rebut any claim of lack of intent and knowledge to defraud. Particularly, the government states the defendant may present an innocent explanation for the evidence found in his apartment, specifically "he has claimed that the more than $290,00 in cash and numerous photo identification documents found at his residence were related not to the 2018 Scheme, but to his mother's practice of serving as an unofficial bank for members within the Uzbek community. The judgment against Narzikulov and his allocution in connection to the Prior Scheme tend to refute these claims". (Gov't Mem. p. 9)

The government further claims that in the absence of the evidence of the Prior Scheme, the defendant could argue that his co-defendants were the ones responsible for planning and executing the 2018 Scheme and that he did not have the criminal intent or knowledge required to be found guilty of Count One of the S-2 Indictment. However, at this stage, the argument is entirely hypothetical. In _U.S. v. Garcia_, 291 F.3d 127, 136 (2nd Cir. 2002), the Second Court took an "inclusionary approach" to the admission of Rule 404(b) evidence. The Court stated, "the inclusionary rule is not a carte blanche to admit prejudicial extrinsic act evidence….." _U.S. v. Scott,_ 677 F.3d 72, 79 (2d Cir. 2012). In addition, in _United States. v. Colon_, 880 F.2d 650, 60-

62 (2d. Cir. 1989), the Second Circuit reviewed a long line of cases directing that the admission of other evidence going to knowledge or intent should await the conclusion of defense case; there may never be any need for such evidence. See, e.g., *U.S. v. Benedetto*, 571 F.2d 1246, 1248-49 (2d Cir. 1978) . See also, *U.S. v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990) (district court allowed the similar act evidence only after defendant put knowledge in issue by his direct testimony): *U.S. v. Townsend*, No. S106CR34, 2007 WL 1288597, at *5 (S.D.N.Y. May 1, 2007) (Keenan, J.) (where government "speculated" defendant would assert lack of knowledge or intent, court reserved decision on admissibility of other act evidence until such time as defense put intent squarely at issue. Thus, at a minimum, the government's request is premature.

2. **THE PALPABLE PREJUDICE FROM INTRODUCING A PRIOR CONVICTION FAR OUTWEIGHS ANY PROBATIVE VALUE IT MIGHT HAVE IN THIS CASE**.

The defendant's prior conviction suggests first and foremost that he has a propensity to commit CDL fraud. As the Third Circuit has noted, "[a]although the government will hardly admit it, the reasons proffered to admit prior-bad-act evidence may often be potemkin village, because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character. *U.S. v. Sampson*, 980 F.2d 883, 886 (3rd Cir. 1992) While all prior-bad-act evidence is prejudicial, a prior criminal conviction will "weigh too much with the jury and so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Michelson v. United States*, 335 U.S. 469, 475-476, 69 S. Ct. 213, (1948). *See also, U.S. v Jafarzadeh*, 592 F.2d 81 (2d Cir. 1978)

Rule 403 of the Federal Rules of Evidence states: "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time,

or needless presentation or cumulative evidence." Such a balancing is a critical element in the application of Rule 404 (b). *Curley*, supra 639 F.3d at 56-57. "Unfair prejudice" means an undue tendency to suggest decision on an improper basis[.] Advisory Committee Notes to Fed. R. Evid. 403. *U.S. v. Figueroa*, 618 F. 2d 93, 943 (2d Cir. 1980) (prior conviction is prejudicial because it tends to prove propensity.

In the case at hand, the prior scheme should be excluded as its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, waste of time, or needless presentation of cumulative evidence. The governments' motion to introduce the defendant's guilty plea as part of its case-in-chief should be denied.

### III. THE COURT SHOULD REAFFIRM ITS DECISION TO SEVER THE TRIAL OF COUNT SIX OF THE SUPERSEEDING INDICTMENT, CHARGING DEFENDANT WITH BEING A FELON-IN-POSSESSION OF A FIREARM

The government next requests the Court to reconsider its ruling severing the felon-in-possession charge based on alleged new evidence that the government obtained subsequent to the Court's Order and which forms the basis for Counts Six and Seven of S-2 Indictment. This is not new evidence, but a recent fabrication by Co-conspirator #1 to ameliorate his damaged credibility.

In the first Indictment, filed on May 13, 2019, Mr. Narzikulov was charged with four counts. Count One (Conspiracy to Commit Kidnapping), Count Two (Kidnapping), Count Three (Hobbs Act Extortion Conspiracy) and Count Four (Hobbs Act Extortion). All of these charges stemmed from the kidnapping of John Doe, on March 28, 2019. In the first Indictment, the named defendants are Akmal Narzikulov, Sherzod Mukumov and an unnamed co-conspirator because he is still at large.

In the second Indictment, S-1, filed on November 5, 2019, Mr. Narzikulov had the same charges continued against him as the first indictment with the exception that two new charges were added: Count One (Conspiracy to Unlawfully Produce Identification Documents, and Count Six (Felon in Possession of a Firearm). The Count One and Count Six charges were as a result of the identification cards recovered from the apartment where Mr. Narzikulov was arrested on April 18, 2019 and a gun was recovered on that same date at the same location. A new defendant was added Jasur Kamolov. Mr. Kamolov was only charged with Count One (Conspiracy to Unlawfully Produce Identification Documents).

Upon information and belief, Jasur Kamolov is Co-conspirator #1, who is alleged by the government in their motion for reconsideration of severance, to have been threatened with a firearm by defendant Narzikulov on March 28, 2019. Jasur Kamolov was interviewed by FBI agents on September 24, 2019, (see **Exhibit A**, complaint, and affidavit of support of arrest warrant from Jasur Kamolov, Document #1). Mr. Kamolov was interviewed by the FBI a second time on October 4, 2019 pursuant to a written proffer agreement between the United States Attorney's Office in the presence of an attorney. Id.

The S-1 Indictment was filed on November 5, 2019, after Kumolo's interviews. Thus, it is the defense's position that Mr. Kamolov, aka Co-Conspirator #1, was already cooperating with the government and made statements about all aspects of this case against Mr. Narzikulov for the government to obtain the S-1 indictment. Subsequently, sometime after the S-1 Indictment was filed and Kamolov was arraigned on S-1, Kamolov was intercepted at JFK airport by Federal agents from boarding a flight to Uzbekistan in violation of his conditions of release that were set on October 13, 2019. Again, Kamolov made further statements to the FBI about Narzikulov after he was stopped from absconding to Uzbekistan.

After these statements by Kamolov, the government obtained the S-2 Indictment that was filed on January 27, 2020. The S-2 Indictment was filed after Kamolov pleaded guilty on January 8, 2020. The S-2 Indictment continues the S-1 charges against Mr. Narzikulov with the exception that Count Six was added (Threatening Physical Violence in Furtherance of a Plan to Exhort Co-Conspirator #1), Count Seven (Using, Carrying and Possessing a Firearm) and Count Nine (Conspiracy to Tamper with Witness).

The Counts Six and Seven charges were based on Kamolov's third set of statements to the FBI, after he was stopped from leaving the United States, alleging that Narzikulov told Kamolov that he had reviewed the contents of John Doe's phone during the kidnapping and that Kamolov warned John Doe not to come home. Afterwards, according to Kamolov, Narzikulov allegedly was given a gun by another name Co-conspirator that he used to threatened Kamolov.

It is clear that the government wants the Court to reconsider severance of the felon-in-possession of a firearm charge to improperly bolster the damaged credibility of Co-conspirator #1. Co-Conspirator #1 did not divulge any information contained in Counts Six and Seven in the S-2 Indictment to the FBI agents back in September and October of 2019. The government wants to unfairly admit the gun recovered on April 18, 2019 to have Co-conspirator #1 identify it at trial as the gun that was used by Narzikulov to threaten him on March 28, 2019. Thus, the felon-in-possession of a gun charge should remain severed as the Court previously ruled and it should not be admitted to impermissibly bolster Co-conspirator #1 damaged credibility.

### A. THE PREJUDICE TO DEFENDANT FROM JOINDER IS SUFFICIENTLY SEVERE TO OUTWEIGH THE JUDICIAL ECONOMY THAT WOULD BE REALIZED BY AVOIDING MULTIPLE LENGTHY TRIALS.

Severance of the felon-in-possession charge is unwarranted here where the charge serves the tactical purpose of placing defendant's prior conviction before the jury to improperly bolster

the government's case. The government argues that subsequent to the Court's Order, it obtain information that allegedly defendant use threatening physical violence in furtherance of a plan to extort Co-Conspirator #1 by using, carrying, and possessing a firearm. However, the government had already arrested and interrogated Co-Conspirator #1 prior to submitting its opposition to the defendant's motion to sever. Co-Conspirator #1 is now cooperating and as such, the accuracy of such new alleged evidence is questionable and should not be used, at the eve of the trial and to the detriment of defendant, to persuade the Court to join the charges. The government will use the felon-in-possession charge to suggest to the jury – groundlessly and prejudicially – that defendant possessed a weapon to safeguard the means, instrumentalities, and proceeds of this criminal enterprise.

In the opposition to defendant's severance motion, the government argued that the felon-in-possession count was properly joined with the charges of conspiracy to produce false identification, kidnapping and extortion because the firearm was recovered at defendant's home with other alleged evidence such as money and DMV documents, that were relevant in connection to the other charges. The Court properly disagreed with that argument because of the lack of a "logical connection" between the felon-in-possession count and other charges in the S-1 indictment. The new alleged evidence does not alter the analysis and conclusion, as the new evidence does not create a direct connection between defendant's alleged possession of a weapon and the alleged brandish of a loaded firearm at Co-Conspirator #1.

In *United States v. Jones,* 16 F.3d 487 (2d Cir. 1994) the Second Circuit reversed defendant's conviction on all counts on grounds of prejudicial spillover, where the felon-in-possession conviction was vacated on appeal, after the trial court had declined to sever that count. The Second Circuit cited the government's tactical use of the felon-in-possession charge

to reject the government's self-serving claim that the defendant had suffered no spillover prejudice in his conviction on the other charges of bank robbery and armed bank robbery. *See United States v. Daniels,* 770 F.2d 1111, 1118 (D.C. Cir. 1985) (in dicta, criticizing government for including felon in possession count when "all the government obtained by adding the possession count was the ability to tell the jury that Daniels had previously been convicted of a felony").

Jones does not stand for the proposition that a felon-in-possession charge must always be severed from other charges. Rather, *where there is a logical connection between a felon-in-possession count and the other charges, there is a similarity in the evidence necessary to prove the different charges, the trial court takes steps to limit the danger of prejudice and gives a proper limiting instruction, and the defendant is not substantially or unfairly prejudiced. United States v. Page,* 657 F. 3d 126, 132 (2d Cir. 2011). However, the Court in *Jones* also stated: "ironically, limiting instructions may only serve to further bias the jury, noting how, in the course of giving the limiting instruction, the judge reminded the jurors repeatedly that the defendant was a convicted felon".

The major distinction between Page and the instant case is the "logical connection". The Court in Page dealt with a motion to sever a charge of possession of a firearm by a convicted felon from narcotics charges. In the prior decision to sever, this Court property noted, guns are essential tools of drug trade citing *United States v. Becerra,* 97 F.3d 669, 671-72 (2nd Cir. 1996); *United States v. Vegas,* 27 F.3d 773, 778 (2d Cir.), cert. denied, 513 U.S. 911 (1994), and emphasizing that the Second Circuit has "repeatedly approved the admission of firearms as evidence of narcotics conspiracy. In light of *Jones, Page,* and the prior Order of this Court,

severance is warranted here. There is no logical connection between the felon-in-possession charge and the remaining charges against defendant.

1. **THE JURY'S KNOWLEDGE OF DEFENDANT'S PRIOR CONVICTION WOULD UNDULY INFLUENCE ITS DELIBERATION ON THE OTHER COUNTS.**

The knowledge that the defendant had a prior felony conviction would prevent a jury from making an impartial determination of the remaining courts. Absent the count, evidence of a prior conviction would not come before the jury on the remining counts as proof of the earlier conviction would not be an element of any of the other charges. Defendant's prior conviction is inadmissible propensity proof. Indeed, in a separate trial of the felon-in-possession count, the government would not be entitled to introduce the purported evidence of defendant's purported role in the charged CDL Scheme. Rather, the Court should recognize the government's tactical move to place defendant's prior conviction before the jury to buttress its case on the other counts.

2. **THE PREJUDICE OUTWEIGHS MINOR JUDICIAL EFFICIENCIES THAT WOULD BE ACHIEVED BY TRYING COUNT SIX WITH OTHER OFFENSES.**

The chief concern in weighing the prejudice of joinder against its benefits is "the wise conservation of judicial resources." _United States v. Desantis_, 802 F. Supp. 794, 802 (E.D.N.Y. 1992). "If the joinder of offenses or defendants….. appears to prejudice a defendant or the government, the court my order separate trial of counts, sever the defendants' trials, or provide any other relief that justice requires". Fed. R. Crim. P. 14(a). To make that determination, pursuant to _U.S. v. Morris_, S4 11 CR 912, 2014 WL 1041309, at * (S.D.N.Y. Mar. 18, 2014), the "[r]relevant factors to be considered include whether the joinder of counts is proper, whether

separate trials would require much of the same evidence, and whether the danger of unfair prejudice may be limited by alternative measures.

As analyzed above, the joinder of counts is not proper in this case. On the contrary, separate trial would not require much of the same evidence. A felon-in-possession charge "requires little more than proof of possession and the existence of the prior record". *United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985). Moreover, defendant Narzikulov is the only defendant charged in Count Six and Seven of S-2 Indictment.

In the alternative, the Court should bifurcate the felon-in-possession charge from the other charges to avoid unfair prejudice. *See Page*, 657 F. 3d at 132. Bifurcation is particularly appropriate where evidence in support of the felon-in-possession charge is inadmissible as to other charges in the same case. *United Stats v. Belk*, 346 F.3d 305 (2d Cir. 2003).

## IV.    CONCLUSION

For the reasons set forth above, it is respectfully submitted that the relief south by the government be denied.


Dated: New York, New York

May 14, 2021

Respectfully Submitted,

/s/

PETER J. GUADAGNINO, ESQ.
ILEANA J. MONTES, ESQ.
Attorneys for Defendant
30 Wall Street
8th Floor
New York, NY 10005
(212) 709-809
