UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

AKMAL NARZIKULOV, et al.,

        Defendants.
------------------------------------------------------------x

MEMORANDUM AND ORDER

19-CR-223

GLASSER, Senior United States District Judge:

        On January 27, 2020, a grand jury returned an eleven-count second superseding indictment ("S-2") against defendant Akmal Narzikulov ("Narzikulov") and three co-defendants. Dkt. 82. The S-2 alleges, *inter alia*, that Narzikulov and a co-defendant assisted individuals with fraudulently obtaining commercial drivers' licenses ("CDLs"). It also includes a felon-in-possession charge ("Count Eight") that names only Narzikulov. Before the Court is the Government's motion *in limine* to admit proposed FRE 404(b) evidence and a motion to reconsider the portion of the Court's December 9, 2019 Order severing the felon-in-possession charge of the first superseding indictment ("December 2019 Order"). Dkt. 219. For the reasons stated below, the Government's motion as to FRE 404(b) is **DENIED** without prejudice and with leave to renew and its motion for reconsideration is **DENIED** in its entirety.

## DISCUSSION

I.    **Motion to Admit FRE 404(b) Evidence**

    **A. Relevant Law**

  Under Fed. R. Evid. 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may, however, be admitted "for another

1

purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Second Circuit "follows the 'inclusionary approach' to Rule 404(b) and admits all 'other act' evidence that does not 'serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402.'" *United States v. Bayon*, 838 F. App'x 618, 621 n.1 (2d Cir. 2021) (petition for writ of cert. filed) (quoting *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011).[1]

Evidence of prior convictions is particularly suggestive of propensity where the prior crime is nearly identical to the charged conduct. Indeed, the Second Circuit has observed that "evidence of prior convictions merits particularly searching, conscientious scrutiny" as it "easily lends itself to generalized reasoning about a defendant's criminal propensity and thereby undermines the presumption of innocence." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009). With respect to the proffered purpose of the FRE 404(b) evidence, "even where a defendant has not conceded the issues of knowledge or intent, where abundant other evidence of guilt exists, a district court may not casually admit evidence for the 'ostensible' purpose of proving knowledge and intent without confirming that those issues are seriously in dispute." *United States v. Frederick*, 702 F. Supp. 32, 39 (E.D.N.Y. 2009) (quoting *McCallum*, 584 F.3d at 477).

### B. Analysis

As regards the motion *in limine*, the Government seeks to admit a judgment entered against Narzikulov and his corresponding plea allocution in a prior criminal case, *United States v. Narzikulov, et al.*, 13-CR-601 ("2013 Case"). *See* Gov. Mem. at 1. The 2013 Case involved

---

[1] An informative exploration of the contending views regarding the application of the rule is found in Daniel J. Capra & Liesa L. Richter, *Character Assassination: Amending Federal Rule of Evidence 404(b) to Protect Criminal Defendants*, 118 Colum. L. Rev. 769 (2018).

assisting individuals with fraudulently obtaining CDLs. *See id.* The Government seeks to admit this evidence to demonstrate Narzikulov's knowledge and intent regarding the CDL scheme alleged in the S-2. *See id* at 9-10.

The 2013 Case and CDL scheme charged in the S-2 involve nearly identical facts and the risk of unfair prejudice in admitting this evidence is severe. This undue prejudicial concern was expressed with exquisite applicability here in *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) as follows:

> When one looks beyond the purposes for which the evidence is being offered and considers what inferences the jury is being asked to draw from that evidence, and by what chain of logic, it will sometimes become clear…that despite the label, the jury is essentially being asked to rely on the evidence as proof of the defendant's propensity to commit the charged offense.

(internal citations and quotation marks omitted).

The Court thus finds that it is premature at this stage to rule on its admissibility. Specifically, the Court will reserve judgment until it is clear that the issues of knowledge and intent "are seriously in dispute" and not otherwise demonstrated by "abundant other evidence of guilt." *Frederick*, 702 F. Supp. at 39. At that point, the Court will be able to properly determine the probative value of the "other acts" evidence relative to the risk of unfair prejudice with the "searching, conscientious scrutiny" demanded by the Second Circuit. *McCallum*, 584 F.3d at 476. Accordingly, the Government's FRE 404(b) motion is denied without prejudice and with leave to renew at a later stage.

## II. Motion to Reconsider Severance of the Felon-in-Possession Count

### A. Relevant Law

"Under the law-of-the-case doctrine, [a] Court will generally 'adhere to its own decision at an earlier stage of the litigation,' and will depart from this rule only for 'compelling reasons,' such

as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *United States v. Olmeda*, 837 F. App'x 52, 54 (2d Cir. 2020) (petition for writ of cert. filed) (quoting *United States v. Plugh*, 648 F.3d 118, 123-24 (2d Cir. 2011). As regards severance of counts in an indictment, "[r]ule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Zafiro v. United States*, 506 U.S. 534, 541 (1993).

### B. Analysis

As to the motion to reconsider, the Government points to new evidence that Narzikulov "brandished a loaded firearm" at a co-conspirator in May 2019 in furtherance of the alleged extortion of "John Doe." Gov. Mem. at 13. The Government submits that this new evidence "creates a direct connection" between Count Eight and certain charges in the S-2, namely, (1) threatening physical violence in furtherance of a plan to extort a co-conspirator ("Count Six"); and (2) using, carrying, and possessing a firearm ("Count Seven"). *See id*. The Government argues that the development of this new evidence warrants reconsideration of the Court's prior ruling.

This Court granted severance of the felon-in-possession charge in the December 2019 Order based on several factors. The only factor directly implicated by the Government's motion to reconsider is the Court's finding regarding the connection between the severed count and the other charges against Narzikulov. In that regard, the Court acknowledges that the felon-in-possession count is more closely connected to Counts Six and Seven than the other charges in the S-2. But the remaining factors in the Court's earlier analysis remain unchanged. Specifically, the Court again finds that the felon-in-possession charge "would severely prejudice the defendant if left joined with the other charges" and that "trying that charge separately will not strain the resources of this Court." *United States v. Narzikulov*, 2019 WL 6699801, at *3 (E.D.N.Y. Dec. 9,

2019). The Government has thus failed to provide a compelling reason for the Court to depart from its earlier ruling. The motion for reconsideration is denied.

## CONCLUSION

Accordingly, the Government's motion as to FRE 404(b) is **DENIED** without prejudice and with leave to renew. The Government's motion for reconsideration is **DENIED** in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
June 3, 2021

/s/
I. Leo Glasser         U.S.D.J.