UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

UNITED STATES OF AMERICA


-   against –                                    Dkt. 19-CR-223 (S-2) (ILG)



AKMAL NARZIKULOV, et. al.,

                    Defendants.

--------------------------------------------------------x


DEFENDANT AKMAL NAZIKULOV'S OPPOSITION
TO GOVERNMENT'S MOTION TO PRECLUDE CROSS EXAMINATION OF
NYPD OFFICER WITNESSESS REGARDING CIVIL LITIGATION, TO PERMIT
THE GOVERNMENT TO CROSS EXAMINE THE DEFENDANT REGARDING HIS
PRIOR FELONY CONVICTION, AND TO ADMIT TESTIMONY REGARDING THE
DEFENDANT'S ALLEGED STATEMENTS CONCERNING PLAN TO PAY BRIBES
AND MANUFACTURE FAKE UZBEKISTAN DRIVER'S LICENSE.



                                        PETER J. GUADAGNINO, ESQ.
                                        ILEANA J. MONTES, ESQ.
                                        Attorneys for Defendant
                                        30 Wall Street
                                        8th Floor
                                        New York, NY 10005
                                        (212) 709-8099


Mark J. Lesko
        Acting Unites States Attorney
Virgina Nguyen
        Special Assistant U.S. Attorney
F. Turner Buford
        Assistant U.S. Attorney
        (Of Counsel)

This Memorandum is submitted in opposition to the government's motion *in limini* in advance of trial: (1) to preclude cross examination by the defendant of certain NYPD officers whom the government may call as witnesses concerning civil lawsuits naming those officers as defendant, but that did not result in any adverse findings or judgments against them; (2) to permit the government to cross examine the defendant about his prior felony conviction, in the event the defendant elects to testify; and (3) to permit the government to elicit testimony regarding the alleged plan to bribe other potential witnesses and to manufacture fake driver licenses from Uzbekistan.

I.    **THE REQUEST TO PRECLUDE CROSS EXAMINATION OF NYPD OFFICER WITNESSES REGARDING ALLEGATIONS AGAINST THEM IN CIVIL LAWSUITS VIOLATES THE DEFENDANT'S SIXTH AMENTDMENT RIGHT TO CONFRONTATION OF THE GOVENTMENT'S WITNESSES, AND PRECLUTION IS LIKELY TO RESULT IN SUBSTANCIAL PREJUDICE TO DEFENDANT.**

The Sixth Amendment of the United States Constitution guarantees the right of an accused in a criminal prosecution to confront the government's witnesses against him, which includes the right to cross-examine the witness. *United States v. Vitale,* 459 F.3d 190, 195 (2d Cir.2006) (citations omitted). "It is a clearly established principle of Supreme Court jurisprudence that the Confrontation Clause requires that a criminal defendant be afforded a meaningful opportunity to cross-examine witnesses against him in order to show bias or improper motive for their testimony." *Brinson v. Walker,* 547 F.3d 387, 392 (2d Cir.2008) (citation omitted); *see also United States v. Figueroa,* 548 F.3d 222, 227 (2d Cir.2008) ("One way of discrediting a witness is 'cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand.' " (quoting *Davis v. Alaska,* 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). A judge may however, impose reasonable limit on such cross-examinations based on concerns about, among

other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Figueroa,* 548 F.3d at 229 (citation omitted).

The relevancy of the evidence that the government seeks to admit or preclude is subject to the probative-prejudice balancing test of Federal Rule of Evidence 403. Rule 403 permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

In *United States v. Schwab*, 886 F.2d 509 (2d Cir. 1989), when the Appellate Court was deciding the issue of whether a prosecutor may seek to impeach a defendant's credibility by asking the defendant on cross-examination about **prior misconduct** that the prosecutor knew had been the subject of a trial and an acquittal, the Court analyzed the issue by distinguishing the various purposes for which prior misconduct may have evidentiary value. First, the misconduct may be relevant to an issue in the case, such as intent or identity. When offered for that purpose, prior misconduct is governed by Fed.R.Evid. 404(b). Second, the misconduct may be relevant to impeachment of a witness, including the defendant, because it tends to show the character of the witness for untruthfulness. When offered for that purpose, prior misconduct is governed by Fed.R.Evid. 608(b), which precludes proof by extrinsic evidence and limits the inquiry to cross-examination of the witness. Third, the misconduct may be relevant to impeachment of a witness on some ground other than the character of a witness for untruthfulness. The most typical example is misconduct offered to show bias of the witness. When offered for that purpose, misconduct is not limited by the strictures of Rule 608(b).

In the case at hand, the defense should be allowed to cross-examine the NYPD officers on the allegations set forth in the lawsuits for the purpose of impeaching their truthfulness. There is

no prohibition against cross-examining a witness, for impeachment purposes, about prior bad acts that have never been formally proven at a trial. The only limitation comes from Fed.R.Evid. 608(b) precluding proof by extrinsic evidence. In addition, if in the course of the testimony it becomes apparent that the officers acted in a bias manner against the defendant, the defense should be allowed to cross examine the NYPD witnesses.

In *People v. Garrett,* 23 N.Y.3d 878, 994 N.Y.S.2d 22, 18 N.E.3d 722 [2014], the New York State Court of Appeals concluded that "civil allegations" of misconduct in a federal lawsuit filed against a law enforcement agent "were favorable to defendant as impeachment evidence", thereby necessarily determining that such allegations can bear on a law enforcement officer's credibility as a witness.

Where prior misconduct has been offered to prove a fact significant to the establishment of guilt, the cases are divided as to whether a prior acquittal bars the evidence. Compare *United States v. Dowling,* 855 F.2d 114, 120–22 (3d Cir.1988) (barring evidence but error harmless), *cert. granted,* 489 U.S. 1051, 109 S.Ct. 1309, 103 L.Ed.2d 579 (1989); *United States v. Keller,* 624 F.2d 1154 (3d Cir.1980) (barring evidence); *United States v. Mespoulede,* 597 F.2d 329 (2d Cir.1979) (same); *United States v. Day,* 591 F.2d 861 (D.C.Cir.1979) (same); *Wingate v. Wainwright,* 464 F.2d 209 (5th Cir.1972) (same); and *United States v. Kramer,* 289 F.2d 909, 913–18 (2d Cir.1961) (same), with *United States v. Van Cleave,* 599 F.2d 954, 956–57 (10th Cir.1979) (allowing evidence); *Oliphant v. Koehler,* 594 F.2d 547, 550–55 (6th Cir.) (same), *cert. denied,* 444 U.S. 877, 100 S.Ct. 162, 62 L.Ed.2d 105 (1979); *United States v. Etley,* 574 F.2d 850, 852–53 (5th Cir.) (same), *cert. denied,* 439 U.S. 967, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978); *United States v. Rocha,* 553 F.2d 615 (9th Cir.1977) (same); *United States v. Kills Plenty,* 466 F.2d 240, 243 (8th Cir.1972) (same), *cert. denied,* 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278

(1973); *United States v. Castro–Castro,* 464 F.2d 336 (9th Cir.1972) (same), *cert. denied,* 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278 (1973); and *United States v. Feinberg,* 383 F.2d 60, 71–72 (2d Cir.1967) (same), *cert. denied,* 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968). *Cf. Lee v. United States,* 368 F.2d 834 (D.C.Cir.1966) (reversing conviction where extrinsic evidence was introduced to impeach defendant's denial of prior misconduct for which he had been tried and acquitted).

However, the Court does not need to rest its decision on collateral estoppel nor on more general considerations of fundamental fairness since the evidence is inadmissible under the standards of Rules 608(b) and 403. Rule 608(b) provides that specific instances of misconduct may be inquired into on cross-examination "in the discretion of the court, if probative of truthfulness or untruthfulness." Rule 403 obliges the trial judge to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice," among other factors. Both rules thus require the exercise of discretion with respect to admission of prior acts of misconduct. Whether or not an acquittal technically estops the prosecution from eliciting the fact of prior misconduct, it will normally alter the balance between probative force and prejudice, which is already a close matter in many cases where prior misconduct of a defendant is offered. *See United States v. Phillips,* 401 F.2d 301 (7th Cir.1968). Moreover, there is the blunt reality that a witness who has been acquitted will almost certainly deny the misconduct, either because he did no wrong or because he may understandably believe that when asked about it after an acquittal, he is entitled to have the law regard him as innocent. Thus, the only purpose served by permitting the inquiry is to place before the jury the allegation of misconduct contained in the prosecutor's question, an allegation the jury will be instructed has no evidentiary weight. To permit the inquiry risks unfair prejudice, which is not justified by the theoretical possibility that

the witness, though acquitted, will admit to the misconduct. When the witness is the defendant, the significance of the prejudice is magnified. Although a witness generally may be asked about any criminal, vicious or immoral acts which bear on his credibility, the questions must be asked in good faith and must have a basis in fact (*People v. Sorge*, 301 N.Y. 198, 200, 93 N.E.2d 637; *People v. Hunter*, 88 A.D.2d 321, 453 N.Y.S.2d 212).

In this case, the cross examination of NYPD witnesses regarding allegations of their wrongdoing, does not have a chance in creating unfair prejudice, confusion of the issues, misleading of the jury, undue delay, waste of time, or needless presentation of cumulative evidence. Furthermore, the mere disclosure the NYPD detectives' lawsuits raise a good faith basis in fact for the defense to question the witnesses' credibility and presence of bias or lack thereof. As such, the Court should deny the Government's motion to preclude cross-examination of NYPD officers regarding their civil lawsuits. In the alternative, the Court should reserve decision on this issue until the trial unfolds, so that the issue is placed in the factual context of the case. "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F.Supp.2d 179, 181 (S.D.N.Y.2001). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F.Supp. 276, 286–87 (S.D.N.Y.1996). Furthermore, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41, 105 S.Ct. 460.

## II. THE GOVERNMENT SHOULD BE PRECLUDED FROM CROSS-EXAMINING THE DEFENDANT REGARDING HIS PRIOR CONVICTION AND BOND REVOCATION, IF THE DEFENDANT ELECTS TO TESTIFY. THE GUILTY PLEA IS IRRELEVANT AND SO INADMISSIBLE UNDER RULE 404(B)

On February 2, 2015, defendant pleaded guilty to honest services fraud conspiracy involving taking money from people in connection with applications for CDLs. The government wishes to use defendant's prior felony conviction, pursuant to Rule 609 if the defendant elects to testify at trial. In addition, the government seeks to be permitted to inquire as to the defendant's alleged false statements to the Pretrial Services Department following his arrest in his prior case, which resulted in bond revocation.

Federal Rule of Evidence 609(a)(1) "vests broad discretion in the trial judge to admit, for purposes of impeachment, evidence that the [defendant] has been convicted within ten years of the time of his testimony of a crime punishable by imprisonment in excess of one year ... if the court determines that `the probative value of admitting [the conviction] outweighs its prejudicial effect to the defendant.'" *United States v. Pedroza,* 750 F.2d 187, 202 (2d Cir.1984) (quoting Fed.R.Evid. 609(a)(1)).

The standard for admissibility of a prior conviction under Rule 609(a)(1) is heightened when the witness is an "accused." *See* Fed.R.Evid. 609(a)(1). For a witness "other than an accused," the prior conviction is subject to Rule 403 balancing and will be found inadmissible for impeachment purposes if the conviction's "probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R.Evid. 403 (emphasis added). For an accused like the defendant here, however, the prior conviction "shall be admitted if the court determines that the probative value of admitting this evidence *outweighs* its prejudicial effect to the accused." Fed. R.Evid. 609(a)(1) (emphasis added). According to the Advisory Committee on Evidence Rules, there is a "special balancing test for the criminal defendant who chooses to testify" because "in virtually every case in which prior convictions are used to impeach the testifying defendant, the defendant faces a unique risk of prejudice — *i.e.,* the

danger that convictions that would be excluded under Fed.R.Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." Fed.R.Evid. 609 advisory committee's note.

"[T]he Government has the burden of showing that probative value outweighs prejudice." *United States v. Hayes,* 553 F.2d 824, 828 (2d Cir.1977) (citation omitted). If the government is permitted to introduce evidence of a prior conviction, it "is generally limited to establishing the bare [or essential] facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence." *United States v. Brown,* 606 F.Supp.2d 306, 312 (E.D.N.Y.2009) (citing *United States v. Estrada,* 430 F.3d 606, 617 (2d Cir.2005)). In weighing the probative value of admitting the prior conviction against its prejudicial effect, courts in the Second Circuit consider the following factors: (1) the impeachment value of the prior crime, (2) the date of the conviction and defendant's subsequent history, (3) the degree of similarity between the past crime and the current crime, (4) the centrality of defendant's credibility in the case, and (5) the importance of defendant's testimony. *Brown,* 606 F.Supp.2d at 311-12 (citations omitted

The palpable prejudice from introducing a prior conviction far outweighs any probative value it might have in this case. While all prior-bad-act evidence is prejudicial, a prior criminal conviction will "weigh too much with the jury and so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Michelson v. United States*, 335 U.S. 469, 475-476, 69 S. Ct. 213, (1948). *See also, U.S. v Jafarzadeh*, 592 F.2d 81 (2d Cir. 1978).

Evidence of a prior conviction would not come before the jury on the current count, as proof of the earlier conviction would not be an element of any of the pending charges. If the government is allowed to cross examine the defendant regarding his prior felony conviction, such

knowledge would prevent a jury from making an impartial determination of the remaining counts. As such, questioning concerning his prior conviction and bond revocation should be excluded as its probative value is substantially outweighed by prejudice.

The Government has not met the burden of showing that probative value of the prior conviction outweighs prejudice, as required by Fed.RulesEvid. Rule 609(a)(1), 28 U.S.C.App., (2006 Ed.) In the absence of further proof of the probative value of the prior convictions for impeachment purposes, the Court should deny the government's motion *in limine* to cross-examine the defendant regarding his prior convictions and bond revocation. In doing so, the Court will prevent undue prejudice and not hinder the defendant's right to testify on his own behalf. In the alternative, the Court should reserve ruling on this issue depending upon the testimony of the defendant, if he chooses to testify.

### III. TESTIMONY BY A COOPERTING WITNESS REGARDING THE DEFENDANT'S STATEMENTS CONCERNING AN ALLEGED PLAN TO PAY BRIBIES TO OTHER WITNESSES AND TO MANUFACTURE FAKE UZBEKISTAN DRIVER'S LICENSE SHOULD BE PRECLUDED.

The government contends that the statements made by the defendant to the cooperating witnesses are admissible as direct evidence of the defendant's intent with respect to Count Nine, (Conspiracy to Commit Witness Tampering), as well as direct evidence of Counts Two and Three (Conspiracy to Commit Kidnaping and Kidnaping). Alternatively, that the statements are admissible as uncharged other bad acts pursuant to Federal Rule of Evidence 404(b).

Federal Rule of Evidence 80l(d)(2)(E) essentially retains the traditional elements of the co-conspirator's declaration exception. The rule states, in material part, that such statements are admissible if they are made "by a co-conspirator of a party during the course and in furtherance of the conspiracy." However, the fundamental rationale for treating co-conspirator declarations as nonhearsay is really a fiction. See Advisory Committee Notes, Fed. R. Evid. 801(d)(2)(E); 28

U.S.C. app. § 718. Extending the logic of other rules which provide for the admissibility of "vicarious admissions," the co-conspirator exception is likewise grounded in principles of agency. According to these principles, a member of a joint venture authorizes or adopts any statements made by other members of the group in furtherance of the joint venture's objectives. Id. The agency rationale disappears altogether if it cannot be shown that the defendant and the declarant were members of the same joint venture or conspiracy. Several cogent reasons require exclusion of the content of the statements themselves from this factual inquiry. The most compelling reason for requiring this determination to be made based on independent evidence is that to do otherwise would constitute unjustified "bootstrapping." Glasser v. United States, 315 U.S. 60, 75 (1942).

A plain reading of the rule itself demonstrates that a purported co-conspirator statement is incompetent hearsay unless it is shown that the defendant and declarant were in reality co-conspirators. Even if details contained in the out-of-court assertions are subsequently "verified," those details still constitute pure hearsay, and should play no role in vouching for the nonhearsay status of the statement. Besides being an exercise in tautology, such a practice gives undue weight to the out-of-court assertions, which lack any intrinsic guarantees of trustworthiness. In particular, the court is left with no way of measuring the accuracy, sincerity or intended meaning of those assertions.

Moreover, when the hearsay assertions are allowed to help establish the factual predicate for their own admission, the quantum of proof required to show admissibility is blurred. Where the statements directly implicate the defendant in the conspiracy, these statements will unavoidably be heavily weighted in making the preliminary determination. Thus, the likelihood that a statement will be mistakenly admitted due to hearsay infirmities in its foundation rises in proportion to the amount of prejudice it would cause the defendant at trial. This runs contrary to the principle that

the more "crucial" or "devastating" the out-of-court statement, the closer scrutiny it merits. <u>Dutton v. Evans, 400 U.S. 74, 87 (1970)</u>.

In the case at hand, the government asserts that defendants' statements are evident of his intent to the conspiracy to commit witness tampering, his alleged plan, and intentions with respect to the conspiracy to commit kidnapping and kidnapping, and of his participation in the charge of conspiracy to unlawfully produce identification documents. The statements should not be admissible as they are hearsay. Most importantly, all co-defendants have plead guilty and entered proffers with the government. Whomever the cooperating witness is, has ulterior motive and self-interest in testifying. Therefore, the sincerity, accuracy and trustworthiness of this testimony is tainted. By admitting testimony from a cooperating witness regarding the defendant's alleged statements, the Court would give undue weight to the out-of-court assertions, which lack any intrinsic guarantees of trustworthiness. The government has the burden of proving beyond a reasonable doubt every count, and must do so by presenting independent evidence, without resorting to the self-referential process of untried hearsay to prove the conditions of its own admissibility. As such, the Court should not allow testimony regarding defendant's statements concerning the alleged plan to pay bribes, to kidnap and manufacture fake Driver's Licenses.

## IV.   CONCLUSION

For the reasons set forth above, it is respectfully submitted that the relief south by the government be denied.

Dated: New York, New York

June 13, 2021

Respectfully Submitted,

/s/

PETER J. GUADAGNINO, ESQ.
ILEANA J. MONTES, ESQ.
Attorneys for Defendant
30 Wall Street
8th Floor
New York, NY 10005
(212) 709-8099