UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                  :
UNITED STATES OF AMERICA,        :
                  :   **MEMORANDUM OPINION**
    - against -                        :
                  :   19-cr-223 (BMC)
AKMAL NARZIKULOV,               :
                  :
            Defendant.   :
                  :
----------------------------------------------------------- X

**COGAN**, District Judge.

       On the first day of trial, during the selection of the jury before a Magistrate Judge, defendant requested the appointment of new defense counsel. I promptly held a hearing. After giving both defendant and defense counsel an opportunity to be heard, I denied defendant's request. This memorandum explains that decision.

       Defense counsel was appointed under the Criminal Justice Act ("CJA"). The Act provides that "the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c). A defendant does have "some interest in continuous representation." United States v. Parker, 469 F.3d 57, 61 (2d Cir. 2006). But "[t]here is no constitutional right to continuity of appointed counsel," and district courts "are afforded considerable latitude" in deciding whether to substitute counsel. Id.

       Consistent with this latitude, the Second Circuit "has long recognized" that a court may impose "restraints" on the substitution of counsel where, as here, the defendant makes the request on the eve of or during trial. McKee v. Harris, 649 F.2d 927, 931 (2d Cir. 1981). In these circumstances, "a defendant does not have the unbridled right to reject assigned counsel and demand another." Id. (quoting United States v. Calabro, 467 F.2d 973, 986 (2d Cir. 1972)).

Instead, the defendant "must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." Calabro, 467 F.2d at 986; see also United States v. Borbon, 326 F. App'x 35, 37 (2d Cir. 2009) (summary order).

Defendant has not made that showing. At the hearing, defense counsel explained that he and his client had different opinions on certain strategic matters. Because further inquiry might have required defense counsel to divulge privileged information, I conducted an *in camera* examination of the reasons for defendant's request. Yet when I questioned defendant, he did not delve into any privileged matters when he had an opportunity to be heard or identify any strategic disagreements. He instead explained that he wanted a new attorney because the Court had not given him sufficient time to review certain discovery material, including the material that the government produced under 18 U.S.C. § 3500. Defendant, through his counsel, made this same argument in his unsuccessful motion to continue the trial one week ago. Just as these discovery matters did not warrant a continuance, they do not warrant a change of attorney. Defendant's renewed reliance on this argument shows that his request is nothing but a "transparent tactical effort to delay the trial." Ayuso v. LaValley, No. 12-cv-932, 2012 WL 1194146, at *3 (E.D.N.Y. Apr. 10, 2012).

Moreover, this is not the first time defendant has requested a new attorney. On May 17, 2020, defendant sent a letter to the Court, stating that his attorney was "not following [his] requests at all," was "continuously ignoring [his] phone call[s]," and, in the "rare" times that the attorney contacted him, the attorney said that he was "very busy with his other multiple clients."[1] But after defense counsel informed the Court of his work on this case, defendant withdrew his

---

[1] The letter was filed on May 26, 2020.

request.  About a year later, in March 2021, defendant made more requests for the substitution of counsel, again citing "lack of communication."[2]  Soon after, however, defendant authorized his attorney to file a letter on the docket withdrawing his requests.

This history shows that any issue between defendant and his counsel are, at most, disagreements about communication.  They do not concern the kinds of fundamental decisions that only a defendant can make.  See Calabro, 467 F.2d at 985–86; United States v. Hall, No. 3:19-cr-65, 2021 WL 54169, at *2 (D. Conn. Jan. 6, 2021).  Additionally, I credit defense counsel's representations that he has conferred with his client at various points.  Based on his representations at the hearing and his actions leading up to trial, I believe that defense counsel will competently and zealously represent his client.   Defendant's current focus on discovery issues – rather than his lack of communication – also supports those findings.  I thus conclude that any disagreements are not "so great" as to "result[] in total lack of communication preventing an adequate defense."  United States v. John Doe No. 1, 272 F.3d 116, 124 (2d Cir. 2001) (quoting United States v. Simeonov, 252 F.3d 238, 241 (2d Cir. 2001)).

In these circumstances, granting a request to substitute counsel would sanction a "manipulation of the right [to counsel] so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice."  Id. at 122 (quoting McKee, 649 F.2d at 931).

_Digitally signed by Brian M. Cogan_
U.S.D.J.

Dated: Brooklyn, New York
      June 21, 2021

---

[2] Defendant's letters were filed on March 25, 2021, and April 5, 2021.