UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA


- against –                                                    Dkt. 19-CR-223 (S-2) (ILG)


AKMAL NARZIKULOV, et. al.,

        Defendants.

-------------------------------------------------------x


DEFENDANT AKMAL NAZIKULOV'S OPPOSITION
TO GOVERNMENT'S MOTION TO PRECLUDE CROSS EXAMINATION OF
DEFENDANT'S FORMER ATTORNEY


                                PETER J. GUADAGNINO, ESQ.
                                ILEANA J. MONTES, ESQ.
                                Attorneys for Defendant
                                30 Wall Street
                                8th Floor
                                New York, NY 10005
                                (212) 709-8099


Mark J. Lesko
     Acting Unites States Attorney
Virgina Nguyen
     Special Assistant U.S. Attorney
F. Turner Buford
     Assistant U.S. Attorney
     (Of Counsel)

This Memorandum is submitted in opposition to the government's motion to preclude cross examination of defendant's former attorney. In *United States v. Schwab*, 886 F.2d 509 (2d Cir. 1989), when the Appellate Court was deciding the issue of whether a prosecutor may seek to impeach a defendant's credibility by asking the defendant on cross-examination about **prior misconduct** that the prosecutor knew had been the subject of a trial and an acquittal, the Court analyzed the issue by distinguishing the various purposes for which prior misconduct may have evidentiary value. First, the misconduct may be relevant to an issue in the case, such as intent or identity. When offered for that purpose, prior misconduct is governed by Fed.R.Evid. 404(b). Second, the misconduct may be relevant to impeachment of a witness, including the defendant, because it tends to show the character of the witness for untruthfulness. When offered for that purpose, prior misconduct is governed by Fed.R.Evid. 608(b), which precludes proof by extrinsic evidence and limits the inquiry to cross-examination of the witness. Third, the misconduct may be relevant to impeachment of a witness on some ground other than the character of a witness for untruthfulness. The most typical example is misconduct offered to show bias of the witness. When offered for that purpose, misconduct is not limited by the strictures of Rule 608(b).

In the case at hand, the defense should be allowed to cross-examine defendant's former attorney regarding his prior arrest on a misdemeanor charge by the New York County District Attorney's Office for alleged witness tampering for the purpose of impeaching his truthfulness. There is no prohibition against cross-examining a witness, for impeachment purposes, about prior bad acts that have never been formally proven at a trial. The only limitation comes from Fed.R.Evid. 608(b) precluding proof by extrinsic evidence. In addition, if during the testimony it

becomes apparent that the former attorney acted in a bias manner against the defendant, the defense should be allowed to cross examine the witness.

In *People v. Garrett,* 23 N.Y.3d 878, 994 N.Y.S.2d 22, 18 N.E.3d 722 [2014], the Court concluded that "civil allegations" of misconduct in a federal lawsuit filed against a law enforcement agent "were favorable to defendant as impeachment evidence", thereby necessarily determining that such allegations can bear on a law enforcement officer's credibility as a witness.

Rule 608(b) provides that specific instances of misconduct may be inquired into on cross-examination "in the discretion of the court, if probative of truthfulness or untruthfulness." Rule 403 obliges the trial judge to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice," among other factors. Both rules thus require the exercise of discretion with respect to admission of prior acts of misconduct. Whether or not an acquittal technically estops the prosecution from eliciting the fact of prior misconduct, it will normally alter the balance between probative force and prejudice, which is already a close matter in many cases where prior misconduct of a defendant is offered. *See United States v. Phillips,* 401 F.2d 301 (7th Cir.1968). When the witness is the defendant, the significance of the prejudice is magnified. Although a witness generally may be asked about any criminal, vicious or immoral acts which bear on his credibility, the questions must be asked in good faith and must have a basis in fact (*People v. Sorge,* 301 N.Y. 198, 200, 93 N.E.2d 637; People v. Hunter, 88 A.D.2d 321, 453 N.Y.S.2d 212).

"It is a clearly established principle of Supreme Court jurisprudence that the Confrontation Clause requires that a criminal defendant be afforded a meaningful opportunity to cross-examine witnesses against him in order to show bias or improper motive for their testimony." *Brinson v. Walker,* 547 F.3d 387, 392 (2d Cir.2008) (citation omitted); *see*

*also United States v. Figueroa,* 548 F.3d 222, 227 (2d Cir.2008) ("One way of discrediting a witness is 'cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand).' " (quoting *Davis v. Alaska,* 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). A judge may however, impose reasonable limit on such cross-examinations based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Figueroa,* 548 F.3d at 229 (citation omitted). The relevancy of the evidence that the government seeks to admit or preclude is subject to the probative-prejudice balancing test of Federal Rule of Evidence 403. Rule 403 permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

In this case, the cross examination of the former attorney on the allegations of misconduct, does not create unfair prejudice, confusion of the issues, misleading of the jury, undue delay, waste of time, or needless presentation of cumulative evidence. Furthermore, the mere fact that the former attorney was charged with the same crime of witness tampering as the defendant, raise a good faith basis in fact for the defense to question the witnesses' credibility and presence of bias or lack thereof. As such, the Court should deny the Government's motion to preclude the cross-examination of the attorney's arrest and witness tampering charge. "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes,* 176 F.Supp.2d 179, 181 (S.D.N.Y.2001).

For the reasons set forth above, it is respectfully submitted that the relief south by the government be denied.

Dated: New York, New York

June 27, 2021

                                        Respectfully Submitted,

                                        /s/

                                        PETER J. GUADAGNINO, ESQ.
                                        ILEANA J. MONTES, ESQ.
                                        Attorneys for Defendant
                                        30 Wall Street
                                        8th Floor
                                        New York, NY 10005
                                        (212) 709-8099