UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
    UNITED STATES OF AMERICA,             :
                                                            :   **MEMORANDUM DECISION**
               - against -                        :   **AND ORDER**
                                                            :
    AKMAL NARZIKULOV,                   :   19-cr-223 (BMC)
                                                            :
                      Defendant.      :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

        On July 7, 2021, a jury convicted defendant Akmal Narzikulov on all counts of an eight-count indictment. Those counts were (1) conspiracy to unlawfully produce identification documents; (2) conspiracy to commit kidnapping; (3) kidnapping; (4) conspiracy to commit Hobbs Act extortion; (5) Hobbs Act extortion; (6) threatening physical violence in furtherance of a plan to extort; (7) using, carrying, and possessing a firearm to commit a crime of violence; and (8) conspiracy to tamper with witnesses. Defendant now moves for a judgment of acquittal or, alternatively, for a new trial. For the following reasons, the motion is denied.

        Although defendant seeks an acquittal on all counts, his motion concerns only two of the counts: Count Six, for threatening physical violence in furtherance of a plan to extort, and Count Seven, for using, carrying, and possessing a firearm to commit a crime of violence. These counts involve an incident in a Walgreens parking lot, as described in the testimony of two cooperating witnesses, Firuz Juraev and Jasur Kamolov. Both witnesses described how defendant held a firearm as he threatened Kamolov, in part because one of Kamolov's friends owed defendant money.

Juraev testified first. He reported that, inside a car in the parking lot, defendant "pulled out a gun" and told Kamolov, "I'm going to shoot." Both were "frustrated," but after some discussion, they eventually calmed down. Kamolov then picked up the gun and remarked, curiously, "Oh, wow, where did you guys get this from?" "That's it," Juraev testified. "Then they agreed that, you known, that they will pay the money and that – [Kamolov] left first or that – and then I left after, I don't remember."

Later in the trial, Kamolov testified about those same events. He recalled that he drove to Walgreens and got in a car, but Juraev was not there – it was just him, defendant, and another individual. "Take that out," defendant told the individual, who promptly went to the trunk and retrieved a bag. Defendant took the bag, pulled out a gun, and held it in his hand. Defendant then said to Kamolov, "Now you're going to pay for it." But Kamolov managed to defuse the situation, assuring defendant that he and his friend would pay back the money. Kamolov also recalled inquiring about the gun, saying "Oh, can I see it?" Defendant gave him the gun for two or three seconds, and he then gave it back to defendant. "It was interesting," Kamolov testified. "It was the first time I had seen a gun."

Seizing on the inconsistencies, as well as the strange nature of the events these witnesses reported, defendant maintains that Juraev, Kamolov, or both committed perjury. The conviction "rested squarely on the testimony by [these] two co-conspirators," defendant contends, and the contradictions fatally undermine that testimony. Defendant thus maintains that the Court must either enter a judgment of acquittal or grant him a new trial.

Rule 29(c) of the Federal Rules of Criminal Procedure provides for judgments of acquittal after a jury verdict. A court may enter such a judgment "only when there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt."

United States v. White, No. 20-2051, 2021 WL 3354983, at *5 (2d Cir. Aug. 3, 2021) (quoting another source). "To succeed on his challenges regarding sufficiency [defendant] carries a heavy burden, and must show that when viewing the evidence in its totality, in a light most favorable to the government, and drawing all inferences in favor of the prosecution, no rational trier of fact could have found him guilty." United States v. Irving, 452 F.3d 110, 117 (2d Cir. 2006).

Similarly, Rule 33(a) of the Federal Rules of Criminal Procedure allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." A defendant "bears the burden of proving that he is entitled to a new trial," and a court "must find that there is a real concern that an innocent person may have been convicted." United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009) (quoting another source). "Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, it is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment." Id. at 475-76 (alteration adopted) (quoting another source).

Under both these standards, defendant has failed to carry his burden. To be sure, Juraev and Kamolov disagreed on one large issue – whether Juraev was in the car – and their testimony on another issue – defendant's decision to let Kamolov hold the gun right after threatening Kamolov – sounds rather strange indeed. But these issues are not so grave as to justify a judgment of acquittal or a new trial. The testimony is not "patently incredible," nor does it "def[y] physical realities." United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992) (citing these "exceptional circumstances"). Plus, the "rejection of all or part of the testimony of a witness or witnesses does not automatically entitle a defendant to a new trial," as "[t]he test is whether it would be a manifest injustice to let the guilty verdict stand." Id. (quoting another

3

source); see also United States v. Truman, 688 F.3d 129, 140 (2d Cir. 2012) (applying a similar rule to a motion for judgment of acquittal).

There is no manifest injustice here. The conviction on Counts Six and Seven depends, in large part, on a single factual issue: whether defendant threatened Kamolov with a gun in the Walgreens parking lot. And on that issue, the two witnesses were largely consistent. Both testified that defendant took out a gun, held it in his hand, and made various threatening statements to Kamolov. Also, as the government notes, the testimony is consistent in several other respects, including the location of the meeting, defendant's anger and frustration toward Kamolov, and defendant and Kamolov's respective positions in the car. Therefore, the inconsistencies do not undermine the key elements of the offenses. See 18 U.S.C. § 924(c) (Count Seven); id. § 1951 (Count Six).

Finally, defense counsel appropriately emphasized the inconsistencies on cross-examination and in his closing statement. In these circumstances, the jury is generally entitled to "weigh the evidence and decide the credibility issues for itself," even when the witnesses' testimony is inconsistent. United States v. Josephberg, 562 F.3d 478, 494 (2d Cir. 2009) (alteration adopted) (quoting another source); see also United States v. Mercedes, 771 F. App'x 73, 74 (2d Cir. 2019) (summary order). Here, therefore, it was "the province of the jury and not of the court to determine whether a witness who may have been inaccurate, contradictory and even untruthful in some respects was nonetheless entirely credible in the essentials of his testimony." United States v. O'Connor, 650 F.3d 839, 855 (2d Cir. 2011).

Because defendant has failed to meet his burden, the motion for a judgment of acquittal or for a new trial [268] is denied.

**SO ORDERED.**

Digitally signed by
Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
August 24, 2021