UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                        :
   UNITED STATES OF AMERICA,                            :
                                                        :    **MEMORANDUM DECISION**
                          - against -                   :    **AND ORDER**
                                                        :
   AKMAL NARZIKULOV,                                    :    19-cr-223 (BMC)
                                                        :
                                    Defendant.          :
                                                        :
-------------------------------------------------------- X

**COGAN**, District Judge.

Defendant stands convicted by a jury and is awaiting sentencing on all counts of an eight-count indictment:  (1) conspiracy to unlawfully produce identification documents; (2) conspiracy to commit kidnapping; (3) kidnapping; (4) conspiracy to commit Hobbs Act extortion; (5) Hobbs Act extortion; (6) threatening physical violence in furtherance of a plan to extort; (7) using, carrying, and possessing a firearm to commit a crime of violence; and (8) conspiracy to tamper with witnesses.  The crimes arose out of a conspiracy to fraudulently obtain commercial and taxi drivers' licenses by cheating on computerized exams, a conspiracy of which defendant was the organizer.  When one of his co-conspirators wanted out, defendant kidnapped him, tasering him and pulling him into a car on a busy street in the middle of the day.  He also threatened another conspirator with a gun for potentially interfering with the kidnapping. To make matters worse, while in pretrial detention, defendant undertook to pay off potential prosecution witnesses to absent themselves in Eastern Europe during the trial.

Before me is defendant's motion for release on bail pending sentencing and appeal.  Its main thrust is that the conditions at the Metropolitan Detention Center, where he is being housed pending sentencing, are intolerable.  He references insect infestation in both the cells and in the

food, wet floors from leaky sinks, lack of Covid-19 protocols and hygiene among staff and inmates, lack of heat, delayed medical attention, excessive lockdowns, lack of recreational time (only 10 minutes three times per week), broken panic buttons, and too frequent cell searches that result in confiscation of his commissary items.

For a defendant convicted of violent crimes like this defendant, the statutory requirements for post-conviction bail are a showing of a "substantial likelihood" that the defendant will prevail on appeal and a showing that there is clear and convincing evidence that the defendant will neither flee nor pose a danger if bail is granted. 18 U.S.C. § 3143(a)(2). Alternatively, under 18 U.S.C. § 3145(c), a defendant convicted of violent crimes may be released if he shows by clear and convincing evidence that he will neither flee nor pose a danger, and that there are "exceptional reasons."

Defendant's motion does not address how he meets any of these requirements other than arguing "exceptional reasons." But if he cannot show a substantial likelihood of prevailing on appeal or that he will neither flee nor cause danger if he is bailed, then even exceptional reasons would be insufficient to grant him relief. He cannot show either of those threshold requirements.

First, defendant may be conceding that there is no substantial likelihood of prevailing on appeal. He has not identified any issue upon which he expects to prevail on appeal. But whether he is conceding the point or not, he cannot meet the test. I have previously denied his motion for acquittal or new trial, United States v. Narzikulov, No. 19-cr-223, 2021 WL 3741535 (E.D.N.Y. Aug. 24, 2021), and the issue he raised – an immaterial conflict between two witnesses – was insubstantial.

Second, defendant has not shown by any evidentiary standard, let alone by clear and convincing evidence, that he is unlikely to flee if bailed. As has been previously determined in

prior proceedings, defendant has substantial ties to his native Uzbekistan. His attempt to make witnesses unavailable for trial shows a disrespect for the process of the Court, and thus by itself creates the concern that he will not appear for sentencing.  The record also reflects an incident where, while on bail, defendant cut the ankle bracelet off his foot to prevent monitoring. And he is facing a substantial sentence, which also incentivizes him to flee if he can.  In prior proceedings, the Second Circuit affirmed Judge Glasser's refusal to release him pending trial, in part because his finding that defendant presents a risk of flight was "well supported by the record."  United States v. Narzikulov, No. 3674 (2d Cir. Mandate June 3, 2021).  It is even better supported now.

Defendant's motion for bail pending sentencing and appeal is denied.


**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
          May 22, 2022

3